UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:06CR683 FRB |
| v. | ) | |
| | ) | |
| CARMAN CHEMICALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT, GUIDELINES**
**RECOMMENDATIONS AND STIPULATIONS**

Come now the parties pursuant to Section 6B1.4, Sentencing Guidelines and Policy Statements (October 1987), and the Administrative Order of this Court (January 2, 1991) and hereby stipulate and agree that the following are the parties' agreements, recommendations and stipulations:

1.  **THE PARTIES:**

The parties to the agreements, recommendations and stipulations contained herein are the defendant corporation, CARMAN CHEMICALS, INC. (hereinafter "Carman Chemicals"), defense counsel STEVEN J. POPLAWSKI of Bryan Cave LLP, and the Office of the United States Attorney for the Eastern District of Missouri (hereinafter "the government"). This document and the agreements, recommendations and stipulations contained herein do not, and are not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. It is understood by the parties that the Court is neither a party to nor bound by these agreements, recommendations and stipulations.

1

2. **PLEA AGREEMENTS:**

   A. **The Plea:**

   Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, the defendant corporation agrees to a voluntary plea of guilty to Count One of the Information. Moreover, the Office of the United States Attorney for the Eastern District of Missouri agrees that no further federal prosecution will be brought in this District against Carman Chemicals, its officers, directors and employees arising from the April 5, 2004 inspection or relating to the conditions or pesticides present on or before April 5, 2004.

   Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant fully understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

   B. **The Sentence:**

   Pursuant to Rule 11(c)( 1 )(B), Federal Rules of Criminal Procedure, in this document the parties have addressed the United States Sentencing Guidelines, the factors set forth in 18 U.S.C. § 3553(a), and other factors relevant to sentencing. The parties agree that the recommendations contained herein are within the Guidelines applicable to this case. The parties understand that the District Court is neither a party to nor bound by the recommendations agreed to in this document.

   The defendant intends to request the Court to waive a presentence report and sentence defendant at the time of the plea. With regard to the sentence, the government agrees that, based on (1) the government's investigation of the facts and circumstances of this matter, (2) the amount of money that Carman Chemicals has spent remediating the property at issue in response

to the government's enforcement action, and (3) the financial inability of Carman Chemicals or its principals to pay a fine, no fine should be assessed against Carman Chemicals in this matter. The government agrees it will not object to the waiver of the presentence report and financial disclosure.

### C. Waiver of Post-Conviction Rights:

(1) **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

(a) Non-Sentencing Issues: In the event the Court accepts the plea, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all non-jurisdictional issues including, but not limited to, any issues relating to pre-trial motions, hearings and discovery and any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea.

(b) Sentencing Issues: In the event the Court accepts the plea and, in sentencing the defendant, both 1) applies the recommendations agreed to by the parties herein, and 2) after determining a Sentencing Guideline range, sentences the defendant within that range, then, as part of this agreement, both the defendant and the government hereby waive all rights to appeal all sentencing issues, including any issues relating to the determination of the Total Offense Level and the Criminal History Category.

(2) *Habeas Corpus*: The defendant acknowledges being guilty of the crime(s) to which a plea is being entered, and further states that neither defense counsel nor the government have made representations which are not included in this document as to the sentence to be imposed. The defendant further agrees to waive all rights to contest the

conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

### D. Financial Disclosure:

If required by the Court, defendant agrees to complete and sign financial forms as required by the United States Probation Office prior to sentencing, including a Net Worth Statement (Probation Form 48); or a Net Worth Short Form Statement (Probation Form 48 EZ); a Cash Flow Statement (Probation Form 48B); a Declaration of Defendant or Offender Net Worth and Cash Flow Statements (Probation Form 48D); a Customer Consent and Authorization for Access to Financial Records (Probation Form 48E); and an Authorization to Release Government (State or Federal) Information to Probation Officer (Probation Form 11-H). The defendant agrees to provide complete, truthful and accurate information on these forms and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government. The defendant also agrees to complete and sign financial forms, including a Customer Consent Authorization for Access to Financial Records During Supervision (Probation Form 481), as required by the United States Probation Office during the defendant's term of supervised release or probation. The defendant agrees to provide complete, truthful and accurate information on these forms and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

### E. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:

The defendant has discussed with defense counsel and understands that nothing contained in this document is meant to limit the rights and authority of the United States of

America to take any civil, tax or administrative action against the defendant including, but not limited to, asset forfeiture, deportation and any listing and debarment proceedings to restrict rights and opportunities of the defendant to contract with government agencies. Further, any recommendation in this document as to the amount of loss or restitution is not binding upon the parties in any civil or administrative action by the government against the defendant.

3. **GUIDELINES RECOMMENDATIONS (NOT BINDING ON THE COURT):**

The parties agree that according to Section 8C2.1 (and the commentary to the section) the provisions of Section 8C2.2 through 8C2.9 of the U.S. Sentencing Guidelines do not apply because the instant offense involved a corporation and environmental violations.

A. **Acknowledgment of Effect of Recommendations:**

The parties recognize that they may not have addressed or foreseen all the Guidelines provisions applicable in this case. Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Presentence Report or the Court, may be presented to the Court for consideration. The parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document.

Furthermore, this Court is not bound by these recommendations. The refusal of this Court to follow the recommendations of the parties shall not serve as a basis to withdraw the plea.

4. **STIPULATION OF FACTS RELEVANT TO SENTENCING:**

The parties stipulate and agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt:

Carman Chemicals, Inc. is an agriculture chemical dealership which handles crop protection chemicals (such as herbicides and pesticides). Carman Chemicals has been in operation since 1991 at 25358 Business Highway 24 West in Paris, Missouri.

On or about April 5, 2004, representatives from the U.S. Environmental Protection Agency (EPA) and the Missouri Department of Agriculture (MDA) conducted an Inspection at Carman Chemicals, to determine the status of Carman's compliance with the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA). During the inspection 68 pesticide products were found to be in violation of FIFRA.

During the inspection described in paragraph 3 of the Information, the representatives documented four 5-gallon containers of the pesticide, KLEAN-KROP herbicide (EPA Registration No. 148-993) being held for sale. The active ingredient in KLEAN-KROP herbicide is dinoseb.

On October 14, 1986, under authority of Section 6(c)(1) of FIFRA, § 7 U.S.C. 136d(c)(1), EPA issued a Notice of Intent to Cancel and Deny all registrations for pesticide products containing dinoseb.

On June 9, 1988, pursuant to Section 6(b) of FIFRA, 7 U.S.C. § 136d(b), EPA cancelled all registrations for pesticide products containing dinoseb (2-sec-butyl-4,6-(dinitrophenol) or any of its salts which have not already been cancelled pursuant to the Notice of Intent to which issued on October 7, 1986.

The defendant and the government agree that the facts set forth above are true and may be considered as "relevant conduct" pursuant to Section 1B1.3.

6

5.  **ELEMENTS OF THE OFFENSE:**

As to Count One of the Information, the defendant corporation admits to knowingly violating Title 7, United States Code, Section 136$l$(b)(B) and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

*One,* On or about April 4, 2005, in the Eastern District of Missouri, Carman Chemicals held for sale a pesticide whose registration had been suspended and cancelled,

*Two,* in violation of Title 7, United States Code, Section 136j(a)(1)(A) and punishable under 136$l$(b)(B).

6.  **PENALTIES:**

    A.  **Statutory Penalties:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant corporation is pleading guilty is a fine of not more than $200,000.00.

    B.  **Mandatory Special Assessment:**

The defendant further acknowledges that this offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and that the Court is required to impose a mandatory special assessment of $125.00 per count for a total of $125.00, which the defendant agrees to pay at the time of sentencing. The defendant further agrees that if the mandatory special assessment imposed by the Court is not paid at the time of sentencing, until the full amount of the mandatory special assessment is paid, money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay the mandatory special assessment.

7

7.      **FINES, RESTITUTION AND COSTS:**

The defendant understands that the Court may impose a fine, restitution (in addition to any penalty authorized by law), and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

The defendant incurred substantial expenditures in the amount of clean up and transport of the violative products and material from the Paris, Missouri facility.

B.      **Effect of Bankruptcy on Fines or Restitution:**

The defendant hereby stipulates that any fine or restitution obligation imposed by the Court is not dischargeable in any case commenced by the defendant or the defendant's creditors pursuant to the Bankruptcy Code. The defendant agrees not to attempt to avoid paying any fine or restitution imposed by the Court through any proceeding pursuant to the United States Bankruptcy Code, and stipulates that enforcement of any fine or restitution obligation by the United States or a victim is not barred or affected by the automatic stay provisions of the United States Bankruptcy Code (Title 11, United States Code, Section 362).

8.      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

The defendant acknowledges and fully understands the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pre-trial motions, including motions to suppress evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the entire case against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the

right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

9.  **PRESENTENCE REPORT AND SENTENCING:**

Following defendant's guilty plea, the Court may order a Presentence Report to be prepared; however, it is the defendant's intention to waive such report and the government agrees it will not object to the waiver and immediate sentencing. At the time of sentencing, the parties reserve the right to allocution regarding the appropriate sentence to be imposed. Each party also reserves the right to bring any misstatements of fact made either by the other party or on that party's behalf to the attention of the Court at the time of sentencing.

10. **STANDARD OF INTERPRETATION:**

In interpreting this document, any drafting errors or ambiguities shall not automatically be construed against any party, whether or not the party was involved in drafting this document.

11. **VOLUNTARY NATURE OF THE PLEA AND THE PLEA AGREEMENT, RECOMMENDATIONS AND STIPULATIONS:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case or the agreements, recommendations or stipulations contained herein.

In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. The defendant's agreements, recommendations and stipulations as set forth above are made in exchange for the United States' agreements, recommendations and stipulations set forth in this document.

The defendant acknowledges that the defendant has voluntarily entered into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of the defendant's own free will because the defendant is, in fact, guilty of the conduct specified in sections four and five above.

12. **CONSEQUENCES OF FURTHER CRIMINAL CONDUCT OR WITHDRAWAL OF PLEA BY DEFENDANT:**

The defendant agrees that if, between the time of signing this document and the sentencing the defendant engages in any criminal activity, the government shall be released from any obligations or limits on its power to prosecute the defendant created by this document, and

any such conduct shall be grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1.

SO STIPULATED AND AGREED:

12/8/06
Date

_Michael W Reap_

ANNE E. RAUCH, #33073
Special Assistant United States Attorney
MICHAEL W. REAP, #9156
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102

12/8/06
Date

CARMAN CHEMICALS, INC.
Defendant Corporation

12/8/06
Date

STEVEN J. POPLAWSKI
Attorney for Defendant Corporation